UNITED STATES, Plaintiff—Appellee,

v.

Pedro ESQUIVEL–MIRANDA, Defendant—Appellant.

No. 11–10008.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 26, 2011.*

Filed Nov. 17, 2011.

Ryan P. Dejoe, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Andrea Lynn Matheson, Andrea L. Matheson–Matheson Law Firm, P.C., Tucson, AZ, for Defendant–Appellant.

Before: GRABER and IKUTA, Circuit Judges, and KAPLAN,** Senior District Judge.

### MEMORANDUM ***

Pedro Esquivel–Miranda, a native and citizen of Mexico, pled guilty to a one-count indictment charging him with illegal reentry into the United States after deportation, in violation of 8 U.S.C. § 1326(b)(2), and was sentenced principally to a term of imprisonment of 46 months. He appeals from the judgment, arguing that the district court erred in (1) determining that his predicate felony conviction was a crime of violence within the meaning of U.S.S.G. § 2L1.2(b)(1)(A), and (2) failing to depart downward or otherwise impose a lower sentence.

We have jurisdiction under 28 U.S.C. § 1291. We review the district court's interpretation of the sentencing guidelines, as well as the legality of a guideline sentence, de novo. *See United States v. Williams*, 291 F.3d 1180, 1191 (9th Cir. 2002) (per curiam), *overruled on other grounds by United States v. Gonzales*, 506 F.3d 940, 942 (9th Cir.2007) (en banc); *United States v. Alexander*, 287 F.3d 811, 818 (9th Cir.2002). We review a district court's application of the sentencing guidelines to the facts and the substantive reasonableness of a sentence under an abuse of discretion standard. *See United States v. Autery*, 555 F.3d 864, 871 (9th Cir.2009).

Application Note 1(B)(iii) to U.S.S.G. § 2L1.2 includes "statutory rape" within

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Lewis A. Kaplan, Senior United States District Judge for the Southern District of New York, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the meaning of the term "crime of violence." The predicate state felony in this case was third degree rape in violation of South Dakota Codified Laws § 22–22–1(5), which defines the offense as "an act of sexual penetration accomplished with any person ... [i]f the victim is thirteen years of age, but less than sixteen years of age, and the perpetrator is at least three years older than the victim." We previously have held that the ordinary, contemporary, and common meaning of "minor" in the context of statutory rape is a person under sixteen years of age. *See United States v. Rodriguez–Guzman,* 506 F.3d 738, 745 (9th Cir.2007); *United States v. Gomez–Mendez,* 486 F.3d 599, 603 (9th Cir.2007). Hence, the predicate felony conviction was a crime of violence within the meaning of U.S.S.G. § 2L1.2(b)(1)(A) under the categorical approach laid out in *Taylor v. United States,* 495 U.S. 575, 588–89, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).

We do not and need not decide whether the generic federal definition of "statutory rape" includes a requirement of an age difference of at least four years between the victim and the person engaging in the crime. *See Estrada–Espinoza v. Mukasey,* 546 F.3d 1147, 1152 (9th Cir.2008) (en banc). We would reach the same result even with such a requirement, as the judicially cognizable documents we may review here under a modified categorical approach show that Esquivel–Miranda was at least four years older than his victim. *See Shepard v. United States,* 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).

The 46–month sentence that the district court imposed on Esquivel–Miranda was at the bottom of the range under the guidelines. Generally, a "correctly calculated Guidelines sentence will ... not be found unreasonable on appeal." *United States v. Carty,* 520 F.3d 984, 988 (9th Cir.2008) (en banc). Sentencing courts have broad discretion in determining the applicable punishment for a defendant. *See Gall v. United States,* 552 U.S. 38, 51–52, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *United States v. Paul,* 561 F.3d 970, 974 (9th Cir.2009) (per curiam). The district court did not abuse its discretion in sentencing Esquivel–Miranda, and so the sentence must be upheld. *See Gall,* 552 U.S. at 51, 128 S.Ct. 586 ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.").

We accordingly affirm the district court.

**AFFIRMED.**